No. 23-12313

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

HISPANIC FEDERATION, et al.,

*Plaintiffs-Appellees*,

v.

CORD BYRD, et al.,

*Defendants-Appellants*.

Appeal from the U.S. District Court for the Northern District of Florida,
No. 4:23-cv-218 (Walker, C.J.)

## APPELLANTS' RESPONSE TO MOTION TO INTERVENE ON APPEAL BY LEAGUE OF WOMEN VOTERS OF FLORIDA

Bradley R. McVay
  *Deputy Secretary of State*
Joseph S. Van de Bogart
  *General Counsel*
Ashley Davis
  *Chief Deputy General Counsel*
Florida Department of State
R.A. Gray Building
500 S. Bronough St.
Tallahassee, FL 32399
(850) 245-6536

Mohammad O. Jazil*
Michael Beato
Joshua E. Pratt
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK PLLC
119 South Monroe Street, Suite 500
Tallahassee, FL 32301
(850) 274-1690
*Counsel for Defendant-Appellant Secretary of State Byrd*

Ashley Moody
  *Attorney General*

Henry C. Whitaker*
  *Solicitor General*
Daniel W. Bell
  *Chief Deputy Solicitor General*
Robert S. Schenck
  *Assistant Solicitor General*
W. David Chappell
  *Senior Assistant Attorney General*
OFFICE OF THE ATTORNEY GENERAL
The Capitol, PL-01
Tallahassee, FL 32399
(850) 414-3300
*Counsel for Defendant-Appellant Attorney General Moody*


*Designates lead counsel

*Hispanic Federation et al. v. Cord Byrd et al.*,

23-12313

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Per Rule 26.1 and Circuit Rule 26.1, Defendants-Appellants certify that the following have an interest in the outcome of this case:

1. Alicea, Delmarie, *Counsel for Plaintiffs*

2. Beato, Michael, *Counsel for Defendant*

3. Bell, Daniel, *Counsel for Defendant*

4. Byrd, Cord, *Defendant*

5. Campbell-Harris, Dayton, *Counsel for Plaintiffs*

6. Chappell, W. David, *Counsel for Defendant*

7. Cruz, Roberto, *Counsel for Plaintiffs*

8. Darlington, Andrew, *Declarant for Defendants*

9. Davis, Ashley, *Counsel for Defendant*

10. Derieux, Adriel, *Counsel for Plaintiffs*

11. Doe, A, *Plaintiff*

12. Doe, B, *Plaintiff*

13. Ebenstein, Julie, *Counsel for Plaintiffs,*

14. Ellis, Rayne, *Counsel for Plaintiffs*

15. Herrera-Lucha, Veronica, *Plaintiff*

16. Hispanic Federation, *Plaintiff*

17. Jazil, Mohammad, *Counsel for Defendant*

18. Karpatkin, Jeremy, *Counsel for Plaintiffs*

19. Keenan, Megan, *Counsel for Plaintiffs*

20. Konor, Estee, *Counsel for Plaintiffs*

21. Lakin, Sophia, *Counsel for Plaintiffs*

22. Martinez, Norka, *Plaintiff*

23. McVay, Bradley R., *Counsel for Defendant*

24. Moody, Ashley, *Defendant*

25. Morse Stephanie, *Counsel for Defendant*

26. Poder Latinx, *Plaintiff*

27. Pratt, Joshua, *Counsel for Defendant*

28. Preminger, Evan, *Counsel for Plaintiffs*

29. Ruiz, Cesar, *Counsel for Plaintiffs*

30. Sjostrom, Noah, *Counsel for Defendant*

31. Tilley, Daniel, *Counsel for Plaintiffs*

32. Van De Bogart, Joseph, *Counsel for Defendant*

33. Walker, Mark E., *U.S. District Court Judge*

34. Warren, Nicholas, *Counsel for Plaintiffs*

35. Whitaker, Henry, *Counsel for Defendant*

*Hispanic Federation et al. v. Cord Byrd et al.*,
23-12313

Per Circuit Rule 26.1-2(c), Defendants-Appellants certify that the CIP contained herein is complete.

Dated: September 5, 2023

/s/ *Mohammad O. Jazil*
Counsel for Defendant-Appellant Secretary of State Byrd

/s/ *Henry C. Whitaker*
Counsel for Defendant-Appellant Attorney General Moody

# INTRODUCTION

Proposed Intervenors, having chosen not to appeal the denial of their own respective motion for preliminary injunction, now move to get re-involved in this issue through the most circuitous route possible. The Court should deny the motion.

## I. This Court should in its discretion deny Proposed Intervenors' Motion.

The policies underlying intervention counsel that this irregular Motion should be denied. The Motion is sui generis, defeats the entire point of the appellate process, and is the least sensible route for Proposed Intervenors to take. The factors in Fed. R. Civ. P. 24(a)(2) do not obviate those basic problems.

**A.** The standard is a discretionary one because this kind of attempted appellate intervention is permissive. There are no legislated rules for appellate motions to intervene. So federal courts look at the "policies underlying intervention," usually through the lens of Fed. R. Civ. P. 24(a)(2). *Int'l Union v. Scofield*, 382 U.S. 205, 216 n.10 (1965); *see also Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 142 S. Ct. 1002, 1010 (2022) ("No statute or rule provides a general standard to apply in deciding whether intervention on appeal should be allowed.").

Indeed, it's yet unclear whether, or how, "the right of non-parties . . . to move for appellate intervention" even exists. *See Cameron*, 142 S. Ct. at 1010. The *Cameron* Court treated the motion for appellate intervention in that case as permissive, *id.* at 1011, and this Court has done the same in its most on-point precedent, *Hall v. Holder*,

117 F.3d 1222, 1231 (11th Cir. 1997) ("We therefore decline to exercise our discretion to permit the movants to intervene at this stage of the litigation.").

Until the Supreme Court gives further guidance as to whether appellate intervention should be treated as mandatory or permissive, this Court should follow the examples of *Cameron* and *Hall*. Therefore, to the extent this Court needs to construe the proposed intervention as mandatory or permissive, it should view the Motion as squarely "committed to [the Court's] discretion." *Cameron*, 142 S. Ct. at 1011.

**B.** Proposed Intervenors' chosen route is odd. Although it's true that courts generally should consider the same factors when assessing permissive intervention and intervention as of right, *see Walker v. Jim Dandy Co.*, 747 F.2d 1360, 1366 (11th Cir. 1984), that assumes a more normal procedural posture where the proposed intervenor either had intervened or attempted to below, or had not been a party at all below. None of Proposed Intervenors' cited cases featured (or even envisioned) the irregular procedure here, where parties in related litigation below failed to appeal an adverse ruling, then later attempted to glom onto the related parties' separate appeal.

The Motion wrongly and heavily implies that appellate intervention is a regular occurrence in this Court. Not so, and the three cases from this Court the Motion cites seem to be *the* three cases from this Court on appellate intervention. One example is couched within a footnote sans legal reasoning, *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1121 n.2 (11th Cir. 2005), another a non-precedential order, *Gonzalez v. Reno*, No. 00-11424- D, at *1 (11th Cir. Apr. 27, 2000).

2

The one precedential case, *Hall*, cuts against the Proposed Intervenors. In that case, voters sought to intervene in an appeal, requesting this Court to order dissolution of an injunction, even though the Supreme Court had already mooted out the injunction in question. 117 F.3d at 1230–31. This Court specified that it is the "exceptional case" to permit intervention when none was sought in the district court. *Id.* (quoting *McKenna v. Pan Am. Petroleum Corp.*, 303 F.2d 778, 779 (5th Cir. 1962)). Even the central legal interest of voting rights was insufficient to overcome the presumption there. *Id.*

That's the same fact pattern as relevant to this case. The court below found the case for the Proposed Intervenors mooted out, ECF No. 46 at 3, No. 4:23-cv-00216-MW-MAF (N.D. Fla. July 17, 2023), and they now try to bring it here. That is irregular.

And it remains unclear why this is being done as opposed to a direct appeal. The Motion makes much of the fact that the Proposed Intervenors were parties in the consolidated case below. So they were, but this cuts the other way. The fact that Proposed Intervenors were parties below only underscores the oddity of an attempt to intervene on appeal instead of just appealing themselves.

Perhaps Proposed Intervenors simply missed the mandatory jurisdictional timely appeal cutoff of thirty days, but intervention must not be "a means to escape the consequences of noncompliance" with the jurisdictional timely-appeal rule. *Hutchinson v. Pfeil*, 211 F.3d 515, 519 (10th Cir. 2000). "[G]ranting intervention" in these situations "would enable the party to circumvent those limits." *Cameron*, 142 S. Ct. at 1018 (Kagan, J., concurring in the judgment).

3

More likely, Proposed Intervenors seem to imply that they *could* not appeal, *see* ECF No. 30-1 at 12, No. 23-12313 (11th Cir. Aug. 25, 2023), but they do not explain why. For one example, why did they not appeal the denial, *then* move to consolidate with this appeal as Cross-Appellants? Or why, if they felt frustrated by the essentially friendly denial of their motion for preliminary injunction, did they not simply move to file as *amicus curiae* as their main approach? Both of those make sense. Instead, Proposed Intervenors have taken the road not just least traveled but untraveled.

**C.** The Rule 24 merits factors are beside the point. Those factors would make sense if the Proposed Intervenors (i) were intervenors below, as in most cases; or (ii) had not been involved at all below, and learned during this appeal of an implicated legal interest, as did the Kentucky Attorney General in *Cameron*. Neither is true. Rather, Proposed Intervenors had their own litigation below, had their own motion dismissed as moot, and did not file their own notice of appeal. Those are their own choices. It would be truly irregular even to discuss Rule 24's merits factors here, not to mention granting intervention.

**CONCLUSION**

For these reasons, the Motion to Intervene on Appeal should be denied.

Proposed Intervenors alternatively request leave to join the appeal as *amicus curiae* and get oral argument time. That, at least, makes more sense than attempting to intervene, but the Appellants takes no position on the motion to participate as amicus if oral argument time is split between Appellees and the League.

4

| | |
|---|---|
| Dated: September 5, 2023 | Respectfully Submitted, |
| Bradley R. McVay (FBN 79034)<br>  *Deputy Secretary of State*<br>brad.mcvay@dos.myflorida.com<br>Joseph S. Van de Bogart (FBN 84764)<br>  *General Counsel*<br>joseph.vandebogart@dos.myflorida.com<br>Ashley Davis (FBN 84764)<br>  *Chief Deputy General Counsel*<br>ashley.davis@dos.myflorida.com<br>FLORIDA DEPARTMENT OF STATE<br>R.A. Gray Building<br>500 S. Bronough St.<br>Tallahassee, FL 32399<br>Phone: (850) 245-6536 | Ashley Moody<br>  *Attorney General*<br><br>*/s/ Henry C. Whitaker*<br>Henry C. Whitaker (FBN 1031175)<br>  *Solicitor General*<br>Daniel W. Bell (FBN 1008587)<br>  *Chief Deputy Solicitor General*<br>Robert S. Schenck (FBN 1044532)<br>  *Assistant Solicitor General*<br>W. David Chappell (FBN 120449)<br>  *Senior Assistant Attorney General*<br>OFFICE OF THE ATTORNEY GENERAL<br>The Capitol, PL-01<br>Tallahassee, FL 32399<br>Phone: (850) 414-3300 |
| */s/ Mohammad O. Jazil*<br>Mohammad O. Jazil (FBN 72556)<br>Michael Beato (FBN 1017715)<br>Joshua E. Pratt (FBN 119347)<br>HOLTZMAN VOGEL BARAN<br>TORCHINSKY & JOSEFIAK PLLC<br>119 South Monroe Street, Suite 500<br>Tallahassee, FL 32301<br>Phone: (850) 391-0503<br>Facsimile: (850) 741-1023<br>mjazil@holtzmanvogel.com<br>mbeato@holtzmanvogel.com<br>jpratt@holtzmanvogel.com<br><br>*Counsel for Defendant-Appellant Secretary of State Cord Byrd* | Henry.whitaker@myfloridalegal.com<br>Daniel.bell@myfloridalegal.com<br>Robert.schenck@myfloridalegal.com<br>William.chappell@myfloridalegal.com<br><br>*Counsel for Defendant-Appellant Attorney General Moody* |

5

## CERTIFICATE OF COMPLIANCE

This brief contains 1066 words, excluding the parts that can be excluded. This brief also complies with Rule 32(a)(5)-(6) because it's prepared in a proportionally spaced face using Microsoft Word 2016 in 14-point Garamond font.

Dated: September 5, 2023                                         _/s/ Mohammad O. Jazil_

## CERTIFICATE OF SERVICE

I e-filed this brief on ECF, which will email everyone requiring notice.

Dated: September 5, 2023                                         _/s/ Mohammad O. Jazil_