Nos. 23-12308 & 23-12313
_____

# IN THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT
_____

FLORIDA STATE CONFERENCE OF BRANCHES AND YOUTH UNITS OF THE NAACP, *et al.*
  *Plaintiffs-Appellees,*

v.

CORD BYRD, *et al.*,
  *Defendants-Appellants.*
_____

HISPANIC FEDERATION, *et al.*
  *Plaintiff-Appellee,*

v.

CORD BYRD, in his official capacity as FLORIDA SECRETARY OF STATE, *et al.*,
  *Defendants-Appellants.*
_____

On Appeal from the United States District Court
for the Northern District of Florida
No. 4:23-cv-215 (Walker, C.J.)
_____

# REPLY IN SUPPORT OF MOTION TO INTERVENE ON APPEAL BY LEAGUE OF WOMEN VOTERS OF FLORIDA
_____

Chad W. Dunn
Florida Bar No. 0119137
BRAZIL & DUNN
1200 Brickell Avenue
Suite 1950
Miami, FL 33131

Brent Ferguson (D.C. Bar No. 1782289)
Danielle M. Lang (D.C. Bar No. 1500218)
Jonathan Diaz (D.C. Bar No. 1613558)
Ellen Boettcher (D.C. Bar No. 90005525)
Simone Leeper (D.C. Bar No. 1737977)
CAMPAIGN LEGAL CENTER
1101 14th Street NW, Ste. 400

Telephone: (305) 783-2190  Washington, DC 20005
Facsimile: (305) 783-2268  (202) 736-2200
chad@brazilanddunn.com  bferguson@campaignlegal.org
dlang@campaignlegal.org
jdiaz@campaignlegal.org
eboettcher@campaignlegal.org
sleeper@campaignlegal.org

*Counsel for Proposed Intervenors*

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to 11th Circuit Rule 26.1-2 (b), Proposed Intervenors certify that the Amended Certificate of Interested Persons filed by Proposed Intervenors on September 5, 2023 and the Certificate of Interested Persons included in Appellants' response brief filed on September 5, 2023 are complete.

*/s/ Brent Ferguson*
Brent Ferguson

*Counsel for Proposed Intervenors*

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ............................... i

TABLE OF AUTHORITIES ....................................................... iii

INTRODUCTION ................................................................... 1

    I.   Appellants are incorrect that the League should have appealed instead of moving to intervene ........................... 2

        A.   Appealing the denial of its preliminary injunction motion would not have allowed the League to defend the injunction granted to other plaintiffs ...... 2

        B.   Appellants' proposed solution ignores basic considerations about the appropriateness of an appeal ..................................................................... 5

    II.   Appellants make no attempt to establish that the League has failed to meet the requirements of Fed. R. Civ. P. 24 ....................................................... 7

CONCLUSION ..................................................................... 11

CERTIFICATE OF COMPLIANCE ............................................ 13

CERTIFICATE OF SERVICE ..................................................... 14

# TABLE OF AUTHORITIES

**Cases**                                                                             **Page**

*Cameron v. EMW Women's Surgical Center*, 142 S. Ct. 1002 (2022) ............................................................. 7, 8, 9

*Commissioner, Alabama Department of Corrections v. Advance Local Media, LLC*, 918 F.3d 1161 (11th Cir. 2019) ............................................................................. 9

*Covenant Christian Ministries, Inc. v. City of Marietta, Georgia*, 654 F.3d 1231 (11th Cir. 2011) ................................................... 3

*Elliott Industries Limited Partnership v. BP America Production Company*, 407 F.3d 1091 (10th Cir. 2005) ................ 9

*EMW Women's Surgical Center, P.S.C. v. Friedlander*, 831 F. App'x 748 (6th Cir. 2020) ................................................. 8

*Hall v. Hall*, 138 S. Ct. 1118 (2018) ............................................. 4, 5

*Hall v. Holder,* 117 F.3d 1222 (11th Cir. 1997) .......................... 9, 11

*International Union, United Automobile, Aerospace and Agriculture Implement Workers of America, AFL-CIO, Local 283 v. Scofield*, 382 U.S. 205 (1965) ........................................... 8

*Legal Environmental Assistance Foundation, Inc. v. United States Environmental Protection Agency,* 400 F.3d 1278 (11th Cir. 2005) ............................................................................. 4

*Raspanti v. Caldera*, 34 F. App'x 151 (5th Cir. 2002) ...................... 9

*Schindler v. Deal*, No. 1:10-CV-4012-WSD, 2012 WL 1110082 (N.D. Ga. Mar. 30, 2012) ............................... 3

*Shepard v. Madigan,* 734 F.3d 748 (7th Cir. 2013) ........................ 3

*Symonette v. United States*, No. 21-10287-A, 2021 WL 3186792 (11th Cir. Apr. 30, 2021) ............................... 4

*Washington Metropolitan Area Transit Commission v. Reliable Limousine Service,* LLC, 776 F.3d 1 (D.C. Cir. 2015) ............................................................................. 5

*Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252 (11th Cir. 1996) ............................................................................. 6

**Other Authorities**

Fed. R. Civ. P. 24(a)(2) ................................................................10

## INTRODUCTION

Appellants' response provides no valid reason for this Court to deny the League's motion to intervene. Appellants argue only that the League should have filed its own appeal rather than moving to intervene in this case. But filing an appeal would not have helped the League achieve the goal of its intervention motion, which is to defend the merits of the injunction granted in the *Hispanic Federation* and *NAACP* cases. And in fact, it would have required the League to manufacture a spurious argument that the district court's mootness ruling was incorrect.

While appellants contend that it would be "irregular" to even address whether the League has met the requirements of Federal Rule of Civil Procedure 24, they fail to confront the atypical nature of this case or cite any case presenting a similar situation. And it is unsurprising that appellants have no answer for whether Rule 24's requirements have been met. The League's motion clearly establishes that the motion was timely, intervention would not prejudice any party, and the League will be prejudiced if it is unable to intervene to defend the injunction that was granted. Thus, this Court should grant the motion to intervene.

1

**I. Appellants are incorrect that the League should have appealed instead of moving to intervene**

> A. Appealing the denial of its preliminary injunction motion would not have allowed the League to defend the injunction granted to other plaintiffs

Appellants' response boils down to one argument: the League should have appealed the denial of its preliminary injunction motion, then moved to consolidate its appeal with this case. *See* Resp. Br., Doc. 42 at 4. But their failure to elaborate is telling — filing that appeal and moving for consolidation would not have put the League in a position to defend the injunction that was granted.

The League moved to preliminarily enjoin four separate provisions of SB 7050. Its motion was denied as moot as to the two statutory provisions at issue on this appeal, since those two provisions had been enjoined a week earlier in the *Hispanic Federation* and *NAACP* cases.[1] Appellants maintain that the League could have appealed that denial and thereby achieved the stated goal of its intervention motion —

---

[1] Regarding the remaining two challenged provisions — the Felony Volunteer Restriction and the Receipt Requirement — the district court denied the League's motion on standing grounds. An appeal of the denial on those two claims would have had nothing to do with the injunction that was granted as to the Non-U.S. Citizen Volunteer Restriction and the Voter Information Restriction.

2

defending the injunction that was granted — but that argument fails to consider how an appeal from the League would have actually proceeded.

Had the League appealed, its argument would have necessarily focused on whether the district court's mootness holding was incorrect. Litigation on that issue would be unrelated to the merits of the injunction that was granted. And while the League's brief could have proceeded beyond mootness to explain why its injunction motion should have been granted, that strategy would have accomplished little. Most apparent, the district court's mootness decision was well-founded, and this Court likely would have simply affirmed that decision without reaching any other issues that were briefed. *See, e.g.*, *Covenant Christian Ministries, Inc. v. City of Marietta, Georgia*, 654 F.3d 1231, 1239 (11th Cir. 2011) (holding that challenge to law becomes moot if law is repealed); *Schindler v. Deal*, No. 1:10-CV-4012-WSD, 2012 WL 1110082, at *3 (N.D. Ga. Mar. 30, 2012) ("Plaintiffs' case is thus moot, because the Statute has been declared unconstitutional, there is no possibility that it will be enforced against Plaintiffs, and there is no additional relief that this Court can provide."); *see also Shepard v. Madigan*, 734 F.3d 748, 750 (7th Cir. 2013)

("A case challenging a statute's validity normally becomes moot if the statute is repealed or invalidated.").

Contrary to appellants' assertion, Resp. Br., Doc. 42 at 4, a motion to consolidate the appeals would not have solved the problem. Of course, consolidation would not have been guaranteed — this Court has broad discretion on whether to consolidate cases,[2] and it may have declined to do so because the principal issue to be litigated on the League's appeal (mootness) would have differed from the merits issues in the two companion appeals.

Even if the appeals were consolidated, that would not have put the League in a position to fully address the issues being litigated in the *Hispanic Federation* and *NAACP* appeals. As the Supreme Court has explained, "actions do not lose their separate identity because of consolidation." *Hall v. Hall*, 138 S. Ct. 1118, 1130 (2018) (quotation marks omitted). In *Hall*, the Court approvingly discussed a prior holding "that a party appealing from the judgment in one of two cases

---

[2] *See Symonette v. United States*, No. 21-10287-A, 2021 WL 3186792, at *2 (11th Cir. Apr. 30, 2021) (noting Court's discretion to consolidate appeals); *Legal Env't Assistance Found., Inc. v. U.S. E.P.A.*, 400 F.3d 1278, 1279 (11th Cir. 2005) (consolidating appeals that were "factually similar and procedurally identical").

4

consolidated for trial could not also raise claims with respect to the other case." *Id.* at 1126 (citing *Stone v. United States*, 167 U.S. 178, 189 (1897)); *see also Washington Metro. Area Transit Comm'n v. Reliable Limousine Serv.,* LLC, 776 F.3d 1, 4 (D.C. Cir. 2015) ("Although [defendant's] appeals are consolidated, we analyze them separately.") (citing Fed. R. App. P. 3(b) advisory committee's note (1998) ("consolidated appeals . . . do not merge into one")). Thus, a consolidation order would not have transformed the League into a party that could properly act as an appellee in the same posture as the *Hispanic Federation* and *NAACP* appellees.[3]

### B. Appellants' proposed solution ignores basic considerations about the appropriateness of an appeal

Aside from whether filing an appeal would have accomplished the League's goal, appellants fail to acknowledge that it would have involved taking a disingenuous position: appellants' approach would require the League to appeal from a ruling in its own case not because of a genuine

---

[3] The proceedings below in this very case demonstrate that consolidation does not completely merge two cases or guarantee joint treatment. Though the district court consolidated the three cases discussed herein for purposes of the preliminary injunction motion, it issued separate opinions and different holdings on challenges to the same statutory provisions. *See* Intervention Mtn., Doc. 30-1 at 3-4.

5

belief that the ruling was incorrect, but to achieve the separate end of securing the right to play a role in related cases. In doing so, the League would have needed to manufacture an argument disputing the district court's conclusion on mootness regardless of whether it genuinely disputed that ruling. Filing an appeal for that improper purpose would border on bad faith conduct. *See Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996). Therefore, even if it were practicable to take that route, its availability should not serve as a reason to deny the League's motion to intervene.

Similarly, appellants' proposal ignores the question of whether the League *wanted* to appeal the denial of its preliminary injunction motion. Of course, any party whose motion is denied at the district court level has the right to weigh strategic and other considerations before deciding whether to appeal that denial. Here, the League chose not to appeal. That choice carries weight, and appellants have pointed to no support for the idea that the potential legal availability of an appeal should override it.

\*     \*     \*

Thus, appellants have it exactly backwards when they assert that the League's intervention motion was "the most circuitous route

6

possible." Resp. Br., Doc. 42 at 1. An appeal would have required the League — and appellants — to litigate additional issues that are peripheral to the merits of the injunction at issue in this case. By contrast, the League's intervention would allow all parties to focus on the contested issues and would be the most direct way to allow the League to pursue its core interest of ensuring that the injunction at issue in this appeal stays in place.

## II. Appellants make no attempt to establish that the League has failed to meet the requirements of Fed. R. Civ. P. 24

Rule 24's requirements for both intervention as of right and permissive intervention are unmistakably satisfied here. While appellants contend that only permissive intervention is possible on appeal, nowhere do they argue that the League has failed to meet the requirements of Rule 24 — either for intervention as of right or for permissive intervention.

Initially, even if appellants were able to show that an appeal was appropriate and would have accomplished the League's goal, it would not establish that intervention would be unavailable or that this Court should completely ignore Rule 24's considerations. Appellants have cited no support for that theory, and the Supreme Court in *Cameron v. EMW*

7

*Women's Surgical Center* rejected an analogous argument. *See* 142 S. Ct. 1002, 1009 (2022) (rejecting assertion that intervention motion must be denied because movant "could have filed notice of appeal").

Appellants also maintain that Fed. R. Civ. P. 24(a) does not apply because "this kind of attempted appellate intervention is permissive." *See* Resp. Br., Doc. 42 at 1. Yet that position contradicts the Supreme Court's most direct statement on the question. *See Int'l Union v. Scofield*, 382 U.S. 205, 217 n. 10 (1965) (explaining that "policies underlying [Rule 24] intervention may be applicable in appellate courts" and concluding that a "charged party would be entitled to intervene" under Rule 24(a)(2)).

No subsequent case law supports appellants' position that intervention as of right is unavailable. In *Cameron*, for example, the proposed intervenors moved for both permissive intervention and intervention as of right,[4] and the Court referred repeatedly to Rule 24(a) while declining to adopt a general rule on appellate intervention as of right. 142 S. Ct. at 1010-11 ("[W]e do not attempt to set out a general rule governing the right of non-parties to appeal or to move for appellate

---

[4] *See EMW Women's Surgical Ctr., P.S.C. v. Friedlander*, 831 F. App'x 748, 749 (6th Cir. 2020) ("[T]he Attorney General moved to intervene as of right or, in the alternative, permissively. . . .").

8

intervention"). And in *Hall v. Holder*, this Court did not address whether the proposed intervenors had even moved to intervene as of right. 117 F.3d 1222, 1231 (11th Cir. 1997). Further, various courts of appeals have granted motions to intervene on appeal as of right or recognized that the right exists. *See, e.g., Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1102-03 (10th Cir. 2005); *Raspanti v. Caldera*, 34 F. App'x 151, *1 (5th Cir. 2002) ("For intervention on appeal: A party is entitled to an intervention of right if . . . .") (quotation marks and citation omitted).

Rule 24's requirements for intervention as of right are satisfied here. First, the League's motion is timely. *See* Intervention Mtn., Doc. 30-1 at 9-13. Appellants do not claim otherwise or argue that any existing party will be harmed or prejudiced by the League's intervention. And they would be unable to do so, primarily because intervention will create no delay, since the League will file its appellate brief on the existing schedule. *See, e.g., Comm'r, Alabama Dep't of Corr. v. Advance Loc. Media, LLC*, 918 F.3d 1161, 1171 (11th Cir. 2019). By contrast, the League will suffer significant prejudice if it is precluded from protecting its interests on this appeal.

Second, the League meets the remaining requirements for intervention as of right in Fed. R. Civ. P. 24(a)(2) — (1) the League has a direct and vital interest in this case: its preliminary injunction motion challenged the two provisions that are at issue in this appeal; (2) the League's ability to protect that interest hinges solely on whether it can participate in this appeal — if the district court's decision is reversed, the League will have effectively lost its preliminary injunction motion without a decision on the merits; and (3) the existing parties do not adequately represent the League's interests, which are distinct from those of the *Hispanic Federation* and *NAACP* plaintiffs. Again, appellants have made no claim to the contrary.

For the same reasons, permissive intervention is appropriate. Though appellants concede that permissive intervention on appeal is available in some cases, they argue that "[i]t would be truly irregular even to discuss Rule 24's merits factors here." Resp. Br., Doc. 42 at 4. But the irregularity in this case stems from its atypical procedural posture, not from the League's motion to intervene. Indeed, appellants fail to point

10

to a single case analogous to this one,[5] instead returning to their simple refrain that an appeal would have been appropriate. Because an appeal would not have accomplished the League's goals, *see* Part I., *supra*, and Rule 24's considerations weigh heavily in the League's favor, permissive intervention should be granted here.

## CONCLUSION

Because appellants have failed to muster any persuasive reason that the League should not participate in this appeal, this Court should grant the motion to intervene. In the alternative, the Court should grant the League permission to file a brief *amicus curiae* and participate in oral argument as *amicus*.

---

[5] Appellants' claim that *Hall*, 117 F.3d at 1230, contained "the same fact pattern as relevant to this case" is utterly wrong, and appears to rely on the fact that the word "moot" is mentioned in both cases. Resp. Br., Doc. 42 at 3. In *Hall*, voters asked to intervene in a case to request that this Court dissolve an injunction and order special elections. The Court rejected the motion because (1) a Supreme Court order had already effectively "moot[ed] the injunction," meaning that dissolution was unnecessary, and (2) the motion asked the Court to address an entirely new issue (ordering a special election), which would require it to intrude on state functions without proper factual development. 117 F.3d at 1231. This case is markedly different — no injunction has been "mooted" or already resolved by this Court. Instead, the League's *motion* was mooted, and the injunction at issue is being actively litigated before this Court. Further, intervention would not require this Court to address an entirely new issue.

11

Respectfully Submitted,

Chad W. Dunn
Florida Bar No. 0119137
BRAZIL & DUNN
1200 Brickell Avenue
Suite 1950
Miami, FL 33131
Telephone: (305) 783-2190
Facsimile: (305) 783-2268
chad@brazilanddunn.com

*/s/ Brent Ferguson*
Brent Ferguson (D.C. Bar No. 1782289)
Danielle M. Lang (D.C. Bar No. 1500218)
Jonathan Diaz (D.C. Bar No. 1613558)
Ellen Boettcher (D.C. Bar No. 90005525)
Simone Leeper (D.C. Bar No. 1737977)*
CAMPAIGN LEGAL CENTER
1101 14th Street NW, Ste. 400
Washington, DC 20005
(202) 736-2200
bferguson@campaignlegal.org
dlang@campaignlegal.org
jdiaz@campaignlegal.org
eboettcher@campaignlegal.org
sleeper@campaignlegal.org

*Counsel for Proposed Intervenors*

**\****Application for Admission Forthcoming*

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Fed. R. App. P. 27(d)(2)(C) because it contains 2,361 words as counted by the word-processing system used to prepare it.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

Dated: September 12, 2023

*/s/ Brent Ferguson*
Brent Ferguson

*Counsel for Proposed Intervenors*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system on September 12, 2023. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Dated: September 12, 2023

*/s/ Brent Ferguson*
Brent Ferguson

*Counsel for Proposed Intervenors*