# Holtzman Vogel

## HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK PLLC

May 16, 2024

David J. Smith
Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, GA 30303

  Re: *Hispanic Federation v. Byrd*, No. 23-12313

Dear Mr. Smith,

  We provide a brief response to yesterday's letter of supplemental authority. The *Hispanic Federation* appeal is one of two consolidated appeals from preliminary injunctions that enjoined provisions of Florida Senate Bill 7050, an omnibus elections-reform bill. The second appeal is *NAACP v. Byrd*, 23-12308. Both appeals include challenges to SB7050's Citizen Restriction. Both were fully briefed. Both were argued in January 2024. An opinion in both appeals seems imminent. Kevin Golembiewski & Jessica Arden Ettinger, *Advocacy Before the Eleventh Circuit: A Clerk's Perspective*, 73 U. Miami L. Rev. 1221, 1225-26 (2019).

  While yesterday's letter correctly notes that on May 15 the district court in *Hispanic Federation* permanently enjoined the enforcement of the Citizen Restriction, as of the submission of this letter, there's been no permanent injunction issued in the *NAACP* case. The preliminary injunction in the *NAACP* case thus remains in effect.

Washington DC | Virginia | Florida | Arizona | 202.737.8808 | holtzmanvogel.com

Notably, as the district court's permanent injunction makes clear in *Hispanic Federation*, the issues and analysis concerning the Citizen Restriction remain unchanged from the preliminary injunction order. Once the district court issues its orders in all SB7050 cases, the Secretary intends to file notices of appeal, and then move to consolidate the cases before the panel that heard the appeals in *Hispanic Federation* and *NAACP*. The reason is this: because the analysis for the Citizenship Restriction remains unchanged, maintaining the same panel would preserve judicial resources and streamline the appellate resolution of the cases. *See generally Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976) (courts have inherent power to avoid wasting judicial resources); *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1555 (11th Cir. 1989) (same); *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986) (same).

The former Fifth Circuit's decision in *SEC v. First Financial Group of Texas*, 645 F.2d 429, 433 (5th Cir. 1981), doesn't foreclose the Secretary's approach. Indeed, if "the order of preliminary injunction is merged with" "an order of permanent injunction," and the reasoning for both is the same, then the Secretary's approach remains faithful to precedent. *Id.*

Sincerely,

/s/ Mohammad O. Jazil
Mohammad O. Jazil
Michael Beato
Holtzman Vogel Baran Torchinsky & Josefiak PLLC
119 S. Monroe Street, Suite 500
Tallahassee, FL 32301

*Counsel for Defendant-Appellant Secretary Byrd*

cc: all counsel via ECF